| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | SITTING IN CROWN POINT, INDIANA |

FILED IN CLERK'S OFFICE
2013 JUN 5 PM 2:42
MICHAEL...
CLERK LAKE SUPERIOR COURT

MAHER DAKLALLA )
    Plaintiff, )
)
v. ) CAUSE NO:
) 45D05 1306 CT 00100
)
THE METHODIST HOSPITALS, INC. )
and JOSEPH MOSER, )
    Defendants. )

## COMPLAINT
## COUNT I

Comes now the Plaintiff, Maher Daklalla, by counsel, Levinson & Levinson by Donald P. Levinson and for Count I of his Complaint states as follows:

1. That the Plaintiff, Maher Daklalla (Mario) is now and has at all times hereinafter mentioned been a resident of Lake County, Indiana. Further, the Plaintiff, who is a citizen of the United States, immigrated from the country of Syria to the United States.

2. That the Defendant, The Methodist Hospitals, Inc. (Methodist) is a corporation operating in and subject to the Laws of the State of Indiana and the United States; it operates in Lake County, Indiana in both the city of Gary and the Town of Merrillville. The Defendant is an "employer" for the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sect. 2000e et seq. and 42 U.S.C. sect. 1981. That Joseph Moser is being sued individually as well as in his capacity as an employee of the Methodist Hospitals, Inc.

3. The Plaintiff filed a Charge of Discrimination against the Defendant, alleging a violation of his rights and accusing the Defendant, his employer, of discriminating against him because of his national origin. All administrative remedies have been exhausted, and all jurisdictional prerequisites have been met, for the filing of this lawsuit.

4. The U.S. Equal Employment Opportunity Commission issued a "Dismissal and Notice of Rights" to sue letter on March 6, 2013, which was received by the Plaintiff no sooner than March 7, 2013.
5. The Plaintiff is and was an employee of the Methodist Hospitals, Inc., working in the capacity of "security". He has worked in that capacity for in excess of 3 years. Of late, he has worked part time since he acquired other employment.
6. The Plaintiff notified the Defendant of his other employment and he requested that his working days and hours at the Methodist Hospitals accommodate his other employment; at first, his supervisor agreed and did indeed accommodate those hours. However, there came a time when a coworker, namely Joseph Moser, was made his supervisor. Both he and Moser applied for the job and, despite the Plainitiff's superior qualifications, Moser was chosen.
7. When Joseph Moser was made his supervisor, all of a sudden the Plaintiff's other job could not be accommodated. Moser's inability to accommodate Mario was the result of discrimination against Mario due to his Syrian descent. Disparaging words were bantered about within the hospital confines such as "camel jockey", an especially offensive term for Arab Americans. Mario was subjected to other discriminatory conduct and treatment. Mario was the object of improper and groundless charges. He finally was unable to tolerate the treatment any longer and filed grievances in an effort to halt the conduct. His grievances, which were not handled in a timely fashion according to the hospital's own rules governing grievances, were of no avail. At one point Mario even had the opportunity to speak to the hospital's highest ranking official, complaining about the use of such terms as "camel jockey". This prompted a snicker on that person's face.
8. On other occasions the discriminatory attitude became even more overt and disturbing. Mario was informed by his immediate supervisor that "we shoot people like you in Afghanistan". Presumably, Moser had served in Afghanistan.

9. On another occasion, after Mario complained about his treatment, he was invited to quit. Instead of seeking to remedy the situation by going to the wrongdoers, the onus was put on Mario to come up with some solution to the problem.
10. The Plaintiff endured the oppressive discriminatory attitude towards him for years. It has cost him dearly insofar as his peace of mind is concerned. He has been subjected to inconvenience, emotional distress, mental damages and other damages and injuries, all as a direct and proximate result of the Defendant's intentional, discriminatory and unlawful misconduct.
11. The Defendant's wrongful and discriminatory conduct was intentional, knowing, willful, wanton and in reckless disregard of the Plaintiff's federally protected rights under Title VII and section 1981. Puntive damages should be imposed and attorneys fees awarded.

Wherefore, the Plaintiff respectfully requests judgment against the Defendant, Methodist Hospital, Inc. for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other relief otherwise just and proper in the premises.

## COUNT II
## HARRASSMENT

Comes now the Plaintiff, by counsel, and for Count II of his Complaint, alleges and says:

1-11. The Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 11 of Plaintiff's Complaint and makes them a part hereof.

12. That at all times here to for mentioned, Mario's supervisor, Joseph Moser, and his supervisor and the ultimate head of the Defendant corporation were employees of the Defendant corporation, operating within the scope and capacity of their employment, thereby making the Hospital responsible for their misconduct.

13. That said employees undertook a course of conduct intentionally calculated to harass and bother the Plaintiff, with hopes of ultimately forcing him to quit his job.
14. That the Plaintiff has undergone pain and suffering as a result of the Defendant's conduct, not only because his employer attempted to make him miserable but also to undercut his ability to support his family.

Wherefore, the Plaintiff requests judgment against the Defendants and each of them for compensatory and punitive damages, for the costs of this action and for all relief otherwise just and proper in the premises..

## COUNT III
## PROVOCATION

Comes now the Plaintiff, Maher Daklalla, by counsel, Donald P. Levinson, and for his Count III of his Complaint states:

15. That all allegations contained in paragraphs 1 through 14 are hereby incorporated by reference and made a part hereof.
16. That the Defendants, and all of them, intentionally set out to provoke the Plaintiff into doing something which was against the Plaintiff's best interest by striking out against his supervisor or his employer;
17. That comments made to the Plaintiff, when Plaintiff complained about his treatment, like "what are you going to do about it? You're just a camel jockey and we shoot people like you in Afghanistan.
18. That words like those are fighting words, calculated to prompt a response and that such actions, which were tolerated by the employer, should be punished so as to prevent such a thing from ever happening again.

Wherefore, Plaintiff prays compensatory and punitive damages against the Defendants and each of them, for the costs of this action and for all relief otherwise just and proper in the premises.

## COUNT IV

## TORTIOUS CONDUCT BY JOSEPH MOSER

Comes now the Plaintiff, by counsel, and his Count IV of his Complaint, states:

19. All allegations contained in paragraphs 1 through 18 are hereby incorporated by reference and made a part hereof.
20. That the individual defendant, Joseph Moser, has undertaken a course of conduct calculated to make the Plaintiff's life difficult, if not miserable. He has intentionally jeopardized Plaintiff's job with the Methodist Hospital, Inc., with Plaintiff's other work, with Plaintiff's peace of mind; he has intentionally subjected him to harassment and intentionally attempted to provoke him into losing his job, all of which proximately caused the Plaintiff damages as outline above.

Wherefore, Plaintiff requests Judgment against the Defendants and each of them for compensatory and punitive damages, for the costs of this action and for all relief otherwise just and proper in the premises.

### TRIAL BY JURY

Comes now the Plaintiff and demands trial by jury.

Respectfully Submitted,

Donald P. Levinson
Levinson & Levinson
Attorneys for Plaintiff
122 W. 79th Avenue
Merrillville, IN  46410
Tel. 219-769-1164
Fax. 219-769-0337
E-mail—donlevinson@airbaud.net